UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD SPRING,


                                      Plaintiff,


                                                            DECISION AND ORDER

                                                            13-CV-6662L


                  v.


COUNTY OF MONROE, NEW YORK,
MONROE COMMUNITY HOSPITAL,
MAGGIE BROOKS, AS MONROE COUNTY EXECUTIVE,
DANIEL M. DE LAUS, JR., ESQ.,
WILLIAM K. TAYLOR, ESQ.,
BRETT GRANVILLE, ESQ.,
MEREDITH H. SMITH, ESQ.,
KAREN FABI,


                                      Defendants.
_____


        Plaintiff, Todd Spring, brings this action against the County of Monroe, New York

("County"), Monroe Community Hospital ("MCH" or "Hospital"), and six individual defendants.

Plaintiff, a former employee of the Hospital, asserts civil rights and other claims arising out of the

termination of his employment in May 2013.  Defendants have moved to dismiss the complaint

pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

        In addition, one of the individual defendants, Karen Fabi, who is represented by separate

counsel, has filed a cross-claim for contribution and/or indemnity against the other seven defendants

("County defendants").  The County defendants have moved to dismiss Fabi's cross-claim.  At oral

argument on the pending motions, the Court granted Fabi's oral request to withdraw and dismiss her claim for indemnity, although she continues to press her claim for contribution.

## BACKGROUND

Plaintiff began working for MCH in 2000.  Immediately prior to his termination, plaintiff held the position of Executive Health Director and Chief Administrative Officer.

Plaintiff's termination stemmed from an investigation concerning a Hospital resident, Samuel Condello.  According to the complaint, in early 2013, "questions were raised" concerning Condello's "behavior and actions regarding alcohol use and continued unsafe smoking practices ... ."  Complaint ¶ 17.  In response to those concerns, the New York State Department of Health ("DOH") launched an investigation into the matter in February or March 2013.

Because of the possibility that the investigation might lead to civil or criminal liability, the County provided plaintiff with legal representation from defendants Daniel DeLaus, William Taylor, Brett Granville and Meredith Smith ("attorney defendants"), all of whom are lawyers employed by the County.  The attorney defendants also represented the County and several other MCH staff members, but plaintiff was "assured by [the attorney] Defendants that there was no conflict of interest ... ."  Complaint ¶ 20.

Plaintiff alleges that throughout the DOH investigation, he was instructed by the attorney defendants not to make any public statements, or even statements to his coworkers, regarding the subject matter of the investigation.  Complaint ¶ 25.  Defendants allegedly assured plaintiff that they would respond to any negative publicity about him relating to this matter.  Complaint ¶ 26.

On March 29, 2013, DOH issued a Statement of Deficiency ("SOD"), which included allegations of wrongdoing by plaintiff.  Complaint ¶ 22.  Defendants hired an independent consultant to review and contest DOH's findings through an administrative informal dispute resolution ("IDR") proceeding.  Plaintiff alleges that although the IDR report addressed (and presumably in part contradicted) the DOH findings, defendants failed to contest any of the DOH's findings, including the allegedly false accusations against plaintiff.  Complaint ¶ 24.  Plaintiff further alleges that defendants failed to pursue the IDR process, *id.*, and that they made public defamatory statements about plaintiff, for purely political reasons.  Complaint ¶ 26.

Plaintiff alleges that on May 8, 2013, he asked that he be provided with separate, private counsel.  Complaint ¶ 27.  Two days later, however, plaintiff's employment was terminated. Complaint ¶ 28.

Based on these allegations, plaintiff asserts four causes of action, for which he seeks an unspecified amount of damages.  The first cause of action, which is brought pursuant to 42 U.S.C. § 1983, asserts a claim under the First Amendment to the United States Constitution, alleging that defendants violated plaintiff's right to free speech by prohibiting him from speaking publicly about the DOH investigation.

The remaining three claims are brought under state law.  Plaintiff's second cause of action is brought against the attorney defendants for legal malpractice, based on plaintiff's allegation that the attorney defendants acted under a conflict of interest when they rendered legal services to plaintiff and gave him advice with respect to the DOH investigation, and that this conflict of interest prejudiced plaintiff.  The third cause of action alleges that defendants were negligent in (1) failing to contest the SOD, and (2) failing to establish, as they were required to do under the Monroe County

Charter, a Monroe County Hospital Board that could have assisted plaintiff with regard to the DOH allegations.[1]

The fourth cause of action asserts a defamation claim. This claim is based in part on public statements by defendant Maggie Brooks, the Monroe County Executive, to the effect that plaintiff had failed to meet the standards of care required of MCH and its employees. The defamation claim is also based on statements made by defendant Fabi, who was the MCH Supervisor of Safety and Security. Fabi allegedly made public statements that plaintiff's firing was "good news for the residents and staff." Complaint ¶ 57.

Fabi herself was also the subject of disciplinary action, Complaint ¶ 58, and her statements alleged in the complaint indicate that she was no longer a County employee when she made those statements; *see* Complaint ¶ 57(b) (quoting Fabi's statement that she had been "nastily forced out" of her job). Fabi's cross-claim against the other defendants seeks contribution for any damages that may be assessed against her. Dkt. #19 ¶ 19.

---

[1]The precise nature of this claim is unclear. The Monroe County Charter, of which the Court takes judicial notice, *see Theodoropoulos v. County of Los Angeles*, No. CV 12–7938, 2014 WL 3572143, at *2 (C.D.Cal. July 18, 2014) (taking judicial notice of Los Angeles County Code), provides that "[t]here shall continue to be a Monroe Community Hospital Board (hereinafter 'Board')." The Board is to have various duties, including working with, and advising, certain officials–among them the Executive Health Director–regarding "all matters relating to" MCH, including the quality of patient care. *See* Monroe County Charter § C6-17, *available at* http://www2.monroecounty.gov/executive-countycode.php. While it is not immediately apparent how the alleged lack of such a Board prejudiced plaintiff in relation to the Condello matter, the Court need not determine at this point whether plaintiff has stated a valid negligence claim.

## DISCUSSION

Defendants contend that plaintiff's First Amendment claim must be dismissed, for several reasons. First, defendants assert that the speech that plaintiff alleges he was prohibited from making did not relate to a matter of public concern.

The typical First Amendment free-speech case by a public employee alleges retaliation by the public employer for the employee's having spoken out about a matter of public concern. *See*, *e.g.*, *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006), *cert. denied*, 549 U.S. 1342 (2007); *Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002). A public employee may also be able to state a claim, however, based on allegations that the employer prevented or prohibited him from speaking about a matter of public concern. *See*, *e.g.*, *Whitney v. City of Milan*, 677 F.3d 292, 297-98 (6th Cir. 2012); *Samuelson v. LaPorte Community School Corp.*, 526 F.3d 1046, 1051-52 (7th Cir. 2008).

In general, however, the analysis is the same, whether the case involves actual speech or an alleged restraint on speech. Of particular relevance here, "the public concern requirement applies to free speech *prior restraint* cases just as it does to free speech retaliation cases ... ." *Rutherford v. Katonah-Lewisboro School Dist.*, 670 F.Supp.2d 230, 246 (S.D.N.Y. 2009).

Whether speech addresses a matter of public concern is a question of law for the court to decide. *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008). To answer this question, the court must "evaluate whether the speech relates to any matter of political, social, or other concern to the community, and whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Hoyt v. Andreucci*, 433 F.3d 320, 330 (2d Cir. 2006)

(internal quotations marks and citations omitted). "[M]ere employee grievances do not qualify as matters of public concern." *Id.*

"There is no categorical approach, however, 'that places all speech aimed at redressing personal grievances in the employment context beyond the scope of the First Amendment.'" *Norton v. Breslin*, 565 Fed.Appx. 31, 33-34 (2d Cir. 2014) (quoting *Huth v. Haslun*, 598 F.3d 70, 74 (2d Cir. 2010)).   Rather, "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record."   *Golodner v. Berliner*, __ F.3d __, 2014 WL 5420025, at *4 (2d Cir. 2014) (quoting *Connick v. Myers*, 461 U.S. 138, 147-48 (1983)).   "The speaker's motive is a factor to consider but 'is not dispositive in determining whether his or her speech addresses a matter of public concern.'" *Id.* (quoting *Sousa v. Roque*, 578 F.3d 164, 173 (2d Cir. 2009)).

The complaint here alleges few specifics regarding *how* plaintiff was prohibited from speaking, or what the content of his speech would have been, had he been allowed to speak. Plaintiff has, however, submitted an affidavit describing those matters in some detail, together with supporting exhibits.  Dkt. #22.

Ordinarily, a court may not look beyond the four corners of the complaint in considering a motion to dismiss.  *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000).  The court can convert a motion to dismiss into a motion for summary judgment by considering extrinsic evidence, as long as the opposing party receives sufficient notice and an opportunity to respond. *Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009).  Neither side has asked the Court to do that, however. Plaintiff has also stated several times that he needs discovery to obtain certain evidence (such as

copies of emails that he sent to defendants), and that defendants' motion to dismiss is therefore premature.[2]

Having reviewed plaintiff's submissions in response to the County defendants' motion to dismiss, I find that he has raised matters that might, if properly pleaded, give rise to a facially valid First Amendment claim.  I conclude that plaintiff should at least be given an opportunity to do so. At this stage, these are primarily matters of pleading, which are not determinative, or even necessarily indicative, of the likelihood that plaintiff will ultimately prevail on the merits of his claim.

Plaintiff alleges, for example, that he was specifically instructed by the attorney defendants not to speak at certain meetings concerning the Condello matter, and that his repeated requests to respond to public criticism of MCH were consistently denied.  *See, e.g.*, Dkt. #22 ¶¶ 32, 41, 47, 49. While he does not state specifically what he would have said, had he been given the opportunity, such specificity is not generally required at the pleading stage.  *Jackson v. City of Columbus*, 194 F.3d 737, 747 (6th Cir. 1999) (where plaintiff had a specific gag order directed at him personally, a reasonable inference could be drawn that he would have spoken out but for the gag order, and plaintiff did not have to specifically allege what he would have said but for the restriction), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002).

Plaintiff's submissions also indicate that the Condello matter may well have been a matter of public concern.  His allegations suggest that during the time in question, he was not just seeking to defend himself from criticism, or to vindicate his own rights in some internal personnel matter, but that he wanted to speak out about the larger issue of the Hospital's handling of Condello.  He also

---

[2]Plaintiff's attorney also states that plaintiff has sought certain documents from defendants pursuant to the New York Freedom of Information Law, with only limited success.  *See* Pezzulo Aff. (Dkt. #21) ¶¶ 10-19.

alleges that the Condello matter received extensive coverage in the local news media.  Certainly a factfinder could conclude that the treatment of patients at a county hospital, particularly relating to hospital officials' handling of a patient's behavior that might affect the health and safety of other patients, is a matter of public concern.  *See Rodgers v. Banks*, 344 F.3d 587, 600-01 (6th Cir. 2003) ("The quality of patient care in state hospitals presents an issue of public concern"); *see also Albert v. Loksen*, 239 F.3d 256, 270 (2d Cir. 2001) (stating in the context of a defamation claim that "[t]he safety of patients undergoing radiation treatment at a public hospital may arguably be a matter of legitimate public concern").

In response to the County defendants' motion to dismiss, plaintiff has requested that if the Court determines that the complaint is insufficient, plaintiff be given leave to replead.  *See* Pezzulo Aff. (Dkt. #21) ¶ 34.  While open-ended, nonspecific requests for leave to replead are not often looked upon with favor, *see*, *e.g.*, *Coriale v. Xerox Corp.*, 775 F.Supp.2d 583, 601 (W.D.N.Y. 2011), *aff'd*, 490 Fed.Appx. 387 (2d Cir. 2012); *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 586 F.Supp.2d 172, 196 (S.D.N.Y. 2008), plaintiff has indicated in some detail, through his and his attorney's affidavits, the facts that he would plead in an amended complaint.   And since plaintiff has already stated that he lacks certain relevant documents, converting the motion to dismiss to a motion for summary judgment would accomplish little, as it would likely be met by a Rule 56(f) affidavit stating that plaintiff needs discovery in order to respond to the motion.

In light of these circumstances, the Court denies the County defendants' motion to dismiss, without prejudice, and directs plaintiff to file an amended complaint, restating his First Amendment claim.  The amended complaint must comply with the applicable pleading rules, as interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662  (2009), and *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007)).  In particular, plaintiff must allege facts which, if true, could support a finding that he was restrained from speaking out regarding a matter of public concern. While plaintiff need not plead detailed evidence, his factual allegations must give rise to a plausible inference both that his speech was restrained, and that the speech in question related to, or would have related to, a matter of public concern.  *See Rutherford*, 670 F.Supp.2d at 245.  Purely conclusory allegations will not suffice.

As to the other matters raised by the County defendants, including whether MCH is a proper defendant, whether there is any basis for a claim against the County, whether defendants are entitled to qualified immunity, and whether plaintiff has adequately pleaded his claims under state law, the Court will defer deciding those issues at this time.  If the amended complaint fails to state a facially valid First Amendment claim, issues concerning the Hospital's and County's liability, and the individual defendants' qualified immunity, will presumably become moot, and the Court may decline to exercise supplemental jurisdiction over the state-law claims.  *See Wetzel v. Town of Orangetown*, 308 Fed.Appx. 474, 477 (2d Cir. 2009) (finding no abuse of discretion in district court's decision not to exercise jurisdiction over state-law claims after dismissing First Amendment claim); *cf. Kroshnyi v. U.S. Pack Courier Services, Inc.*, __ F.3d __, 2014 WL 5572456, at *5 (2d Cir. 2014) (district court did not abuse discretion in retaining supplemental jurisdiction over state-law claims after federal claims were dismissed, where case had been before district court for over six years, discovery was complete, and case would soon be ready for trial).

The Court also dismisses without prejudice defendant Fabi's motion to dismiss the complaint, and the County defendants' motion to dismiss Fabi's cross-claim for contribution.  It appears from the complaint that the only claim asserted against Fabi is the defamation claim. *See* Complaint ¶¶ 57-59.  Again, if the repleaded First Amendment claim proves to be subject to

dismissal, the Court may well decline to exercise jurisdiction over that claim.  It would therefore be premature for the Court to rule on these matters now.

Finally, I note that if, after plaintiff files his amended complaint, defendants again seek to dismiss the complaint, they need not repeat and re-file everything that they have submitted in support of their present motions.  To the extent practicable, they may incorporate by reference any arguments or submissions already contained in the record.

## CONCLUSION

The motions by defendants County of Monroe, New York, Monroe Community Hospital, Maggie Brooks, Daniel M. DeLaus, Jr., William K. Taylor, Brett Granville, and Meredith Smith to dismiss the complaint (Dkt. #10) and to dismiss defendant Karen Fabi's cross-claim (Dkt. #26), and defendant Karen Fabi's motion to dismiss the complaint (Dkt. #33) are denied without prejudice.

Plaintiff is hereby directed to file an amended complaint, consistent with this Decision and Order, within twenty (20) days after the filing of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 13, 2014.