UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD SPRING,

                                Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                    13-CV-6662L

          v.

COUNTY OF MONROE, NEW YORK,
MONROE COMMUNITY HOSPITAL,
MAGGIE BROOKS, AS MONROE COUNTY EXECUTIVE,
DANIEL J. DE LAUS, JR., ESQ.,
WILLIAM K. TAYLOR, ESQ.,
BRETT GRANVILLE, ESQ.,
MERIDETH H. SMITH, ESQ.,
KAREN FABI,

                                Defendants.
_____

Plaintiff Todd Spring ("Spring"), a former employee of Monroe Community Hospital (the "Hospital"), commenced the instant action against the County of Monroe (the "County"), the Hospital, Monroe County Executive Maggie Brooks ("Brooks"), Hospital Supervisor of Safety and Security Karen Fabi ("Fabi"), Deputy County Executive Daniel M. DeLaus, Jr. ("DeLaus"), and Monroe County District attorneys William K. Taylor ("Taylor"), Brett Granville ("Granville"), and Merideth H. Smith ("Smith"). Spring primarily alleges that the defendants deprived him of his right to free speech under the First Amendment, and subjected him to defamation, negligence and legal malpractice, in violation of 42 U.S.C. §§1981, 1983 and 1988, and New York common law.

On November 13, 2014, the Court denied, without prejudice, prior motions by the defendants to dismiss the original complaint in this action, and permitted Spring leave to file an amended complaint. (Dkt. #38, #39). Defendant Fabi now moves to dismiss the defamation claim against her (Dkt. #40), and the other defendants collectively move to dismiss the remainder of the amended complaint for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #42). For the following reasons, the defendants' motion to dismiss (Dkt. #42) is granted in part, Spring's First Amendment free speech claim is dismissed, and the Court declines to exercise supplemental jurisdiction over Spring's state common law claims. Those claims, as well as Fabi's motion to dismiss Spring's defamation claim against her (Dkt. #40) are remanded to New York State Supreme Court, Monroe County.

## FACTS

In or about 2004, after several years of employment with the County, Spring became the Executive Health Director/Chief Administrative Officer of the Hospital. In or about February 2013, questions arose concerning Spring's treatment of a particular Hospital resident, S.C. The County Human Resources Department investigated, and made findings that Spring alleges were favorable to him. On or about March 2013, the New York State Department of Health ("NYSDOH") commenced its own investigation into the S.C. matter. In connection with that investigation, defendants DeLaus, Taylor, Granville and Smith provided legal representation to Spring, as well as the County and at least twenty other Hospital staff members.

Spring alleges that on March 28, 2013, he and Taylor participated in a conference call with the NYSDOH to discuss the S.C. matter. Plaintiff alleges that Taylor prevented him from

speaking with the NYSDOH representatives during that call, by instructing him to remain silent so that the representatives would not realize that plaintiff was listening to the call.

On March 29, the NYSDOH issued a Statement of Deficiency, indicating the most serious possible finding, Immediate Jeopardy (meaning noncompliance with regulations, causing or likely to cause serious harm to a resident) at the Hospital, based on Spring's treatment of S.C. *See* 42 CFR §489.3 et seq.  Spring alleges that he was thereafter barred by the defendants from participating in the NYSDOH investigation, and instructed not to communicate with anyone about S.C. or the NYSDOH findings, including the NYSDOH, other Hospital employees, and local news media who were reporting on the matter.  Spring contends that Hospital representatives told him that the Hospital would respond on his behalf to the negative publicity surrounding the matter, but that the Hospital failed to do so.  Instead, Spring was terminated from employment [by unspecified "[d]efendants"] on May 10, 2013.  (Dkt. #39 at ¶62).  The same day, Brooks was quoted in a local newspaper as having said that "[w]e want stability at that hospital," and that "Spring fell short of our standard in excellence in care that we have at that facility."  (Dkt. #39 at ¶63).

Spring alleges that he was denied the right to defend himself against the NYSDHR's findings because the defendants failed to timely request an informal dispute resolution procedure to contest the deficiency finding, even though the Hospital's initial investigation and an independent consultant hired by defendants later had both concluded that Spring had not acted improperly.

Spring alleges that if he had been permitted to speak to the NYSDOH, the public, and/or the news media, he would have defended his conduct in the S.C. matter, by proving that his

treatment of S.C. was an appropriate response to S.C.'s dangerous conduct, and correcting numerous factual errors in the NYSDOH's findings and media reports.

**DISCUSSION**

I. **Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court accepts all allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Kuck v. Danaher*, 600 F.3d 159, 166 (2d Cir. 2010); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 89-90 (2d Cir. 2004). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," his complaint must be dismissed. *Id.*, 550 U.S. 550 at 570.

II. **Spring's First Amendment Prior Restraint Claim**

Initially, Spring claims that he was subjected to an unconstitutional prior restraint on protected speech, when the defendants prevented him "from speaking to the public, press and co-workers regarding the investigations and allegations against him, and his unlawful termination." (Dkt. #39 at ¶71).

It is well settled that "a public employee who brings a First Amendment claim alleging a prior restraint on free speech must show that the speech touches on a matter of public concern." *Rutherford v. Katonah-Lewisboro Sch. Dist.*, 670 F. Supp. 230, 245 (S.D.N.Y. 2009). "Whether

an employee's speech addresses a matter of public concern must be determined by the content, form and context of a given statement, as revealed by the whole record . . . [ and t]he inquiry into the protected status of speech is one of law, not fact." *Connick v. Myers*, 461 U.S. 138, 147-148 n.7 (1983). Generally, "[a] matter of public concern is one that relates to any matter of political, social or other concern to the community." *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (internal quotations omitted). Conversely, speech that, although touching on a topic of general importance, primarily concerns an issue that is personal in nature and specific to the employee's own situation, does not address a matter of public concern. *See Blum v. Schlegel*, 18 F.3d 1005, 1012 (2d Cir. 1994); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993). As such, "[a] public employee's complaints to his supervisors about [his own treatment] typically do not meet the 'public concern' standard." *Brown v. N.Y. State Dep't of Corrs. Servs.*, 583 F. Supp. 2d 404, 412-413 (W.D.N.Y. 2008). "[T]he airing of generally personal grievances is not brought within the protection of the First Amendment by the mere fact that one or two of [a public employee's] comments could be construed broadly to implicate matters of public concern." *Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008).

Thus, where, as here, an employee's speech (or intended speech) is confined to individualized, work-related matters rather than more expansive issues, it fails to qualify as speech on a matter of public concern. This is so even when the individual's employment lies in the field of health care, a matter in which the public has a substantial interest. *See Ezekwo v. NYS Health & Hosp. Corp. et al.*, 940 F.2d 775, 781 (2d Cir. 1991) (where plaintiff physician responded to a poor residency program evaluation and the denial of a promotion by accusing a program director of malice and discrimination, "[plaintiff] was not on a mission to protect the public welfare. Rather her primary aim was to protect her own reputation and individual

development as a doctor"); *Rafiy v. Nassau Cty. Med. Ctr.*, 218 F. Supp. 2d 295 (E.D.N.Y. 2002) (statements made by doctors to defend themselves against allegations that they provided substandard medical care do not qualify as speech on matters of public concern, regardless of the fact that they implicate patient care in general).

The content, form and context of Spring's intended speech may have had a peripheral relationship with matters of public concern, in that his position concerns the provision of health care, and because his intended comments addressed findings made by a state agency. Nonetheless, Spring's own characterization of his intended speech makes clear that it was primarily directed at correcting the public record with regard to his job performance, safeguarding or restoring his good professional reputation, and pointedly responding to factual findings in a single, specific agency investigation, all with respect to his treatment of one particular patient. There is no indication that it was intended to correct or call the public's attention to any larger, systemic issue concerning public health, patient care, or the conduct of NYSDHR investigations in general. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993) (speech is not likely on a matter of public concern where there is no indication that plaintiff seeks relief against "pervasive or systemic misconduct" or is seeking to correct unlawful acts by bringing them to the public's attention). The amended complaint describes the goal of Spring's intended speech simply as, "defending himself to the public, the press, the New York State authorities, the Hospital staff, and the Monroe County Hospital Foundation Board" with regard to his care of S.C. (Dkt. #39 at ¶23), "respond[ing] to public criticism" (Dkt. #39 at ¶34), and helping to "clear" his "name and reputation" by correcting factual errors in the NYSDOH's findings (Dkt. #39 at ¶53). This intended speech was clearly "personal in nature and generally related to [his] own situation within the [Hospital]." *Ezekwo*, 940 F.2d 775 at 781. The

6

amended complaint contains no hint anywhere of some broader aim relating to the care of other patients, or some systemic issue of misconduct by Hospital officials, other public employees or the NYSDOH.

As such, assuming *arguendo* that Spring's intended speech would have been undertaken as a public citizen, I find that Spring has failed to plausibly allege that it related to a matter of public concern, and his First Amendment claim is dismissed.[1]

### III.   Spring's Claims for Negligence, Legal Malpractice and Defamation

Having dismissed Spring's sole federal claim, the Court declines to exercise jurisdiction over Spring's state common law claims of negligence, legal malpractice and defamation.

The exercise of supplemental jurisdiction is governed by 28 U.S.C. §1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. §1367(a). Supplemental jurisdiction may be declined, however, where all claims over which the Court had original jurisdiction have been dismissed. 28 U.S.C. §1367(c). The Second Circuit observes that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point

---

[1] Spring argues that the "law of the case" doctrine prevents dismissal of his First Amendment claim. Spring contends that the Court previously found that he had stated a First Amendment claim as a matter of law, citing the Court's prior observation that the S.C. matter "may well have been a matter of public concern" in light of certain factual assertions made in Spring's filings in opposition to the initial motions to dismiss. (Dkt. #38 at 7.) In so doing, however, the Court did not make any explicit finding as to whether a First Amendment claim had been (or could be) properly stated. It concluded only that Spring should be allowed the opportunity to amend his complaint, for the purpose of fleshing out his contention that he "was not just seeking to defend himself from criticism, or to vindicate his own rights [but rather] wanted to speak out about the larger issue of the Hospital's handling of [S.C.]" (Dkt. #38 at 7-8). Because the amended complaint does not accomplish that objective, and does not otherwise contain plausible allegations that Spring's intended speech implicated patient health and safety or some other broader issue, rather than simply "defend[ing Spring] from criticism [and] vindicate[ing] his own rights," *id*., it fails to state a claim under the First Amendment.

toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id*. Here, I find that those interests are best served by declining to exercise supplemental jurisdiction.

## **CONCLUSION**

For the reasons stated above, I find that plaintiff's amended complaint fails to state a federal cause of action upon which relief can be granted, and that there is no basis for this Court to exercise jurisdiction over his remaining state law claims. Defendants' motion to dismiss (Dkt. #42) is granted in part, plaintiff's First Amendment claim is dismissed with prejudice, and the matter is remanded to the New York State Supreme Court, Monroe County for adjudication of plaintiff's state common law claims. Fabi's motion to dismiss the state common law defamation claim against her (Dkt. #40) is likewise remanded for disposition by the state court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 7, 2015